# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas Lillard and Group,<br><br>PLAINTIFF(S)<br>v.<br><br>Sheryl Edgar, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br>SACV 18-01207-CJC (KESx)<br><br>ORDER RE REQUEST TO PROCEED<br>*IN FORMA PAUPERIS* |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____          _____
Date                             United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- [ ] Inadequate showing of indigency
- [x] District Court lacks jurisdiction
- [ ] Legally and/or factually patently frivolous
- [ ] Immunity as to _____
- [x] Other: Fails to state a claim _____

Comments:

Please see attached.

___7/11/18___          *[signature]* Kn E. Scott
Date                   Hon. Karen E. Scott, United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

- [ ] GRANTED
- [x] DENIED (see comments above). IT IS FURTHER ORDERED that:
  - [ ] Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - [x] This case is hereby DISMISSED immediately.
  - [ ] This case is hereby REMANDED to state court.

July 13, 2018          _____
Date                   United States District Judge

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11   THOMAS LILLARD,                    Case No.  SA CV-18-01207-CJC-KESx
12                    Plaintiff,
13        v.                           ATTACHMENT TO ORDER
                                        RECOMMENDING DENIAL OF
14   SHERYL EDGAR, et al.,              REQUEST TO PROCEED IN FORMA
                                        PAUPERIS
15                    Defendants.
16
17
18                                          I.
19                           SCREENING AUTHORITY
20          On July 9, 2018, pro se Plaintiff Thomas Lillard ("Plaintiff") filed a civil
21   Complaint against attorney Sheryl Edgar and her law office, A Center for Children
22   & Family Law, Inc. in Orange, California ("Defendants").  (Dkt. 1 at 1.)   The
23   Complaint was accompanied by an application to proceed in forma pauperis ("IFP").
24   (Dkt. 3.)
25          The federal IFP statute requires courts to dismiss a case if the complaint fails
26   to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2); Calhoun
27   v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28
28
                                           1

1  U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); <u>Lopez v. Smith</u>, 203 F.3d

2  1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only

3  permits but requires a district court to dismiss an in forma pauperis complaint that

4  fails to state a claim").  Additionally, federal courts always have a duty to establish

5  subject matter jurisdiction over an action <u>sua</u> <u>sponte</u>.  <u>United Inv'rs Life Ins. Co. v.</u>

6  <u>Waddell & Reed, Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004).  For the reasons stated

7  below, Plaintiff's Complaint fails to state a claim on which relief may be granted and

8  fails to establish a basis for federal jurisdiction.  The Court therefore recommends

9  that Plaintiff's IFP application be denied.

10  ## II.

11  ## SUMMARY OF THE COMPLAINT

12  The Complaint consists of (1) a caption sheet with no factual allegations

13  (Dkt. 1 at 1), (2) a letter from sixteen people (including Plaintiff) addressed to the

14  U.S. Department of Justice requesting an investigation of Defendants for violations

15  of a list of federal statutes (<u>id.</u> at 2-5), and (3) fourteen exhibits (<u>id.</u> at 6-109; Dkts.

16  1-1 through 1-21).  Exhibits 1-12 contain records that do not relate to Plaintiff.

17  (Dkt. 1 at 6-109; Dkts. 1-1 through 1-18 at 8.)  Exhibit 13 is a 2015 U.S. Department

18  of Justice report concerning juvenile cases in family law courts in St. Louis, Missouri.

19  (Dkt. 1-18 at 9 through Dkt. 1-19 at 30.)  Exhibit 14 contains a cover letter by Plaintiff

20  (Dkt 1-19 at 32) and records from Plaintiff's divorce proceeding in Orange County

21  Superior Court ("OCSC") case no. 13D003175 (Dkts. 1-19 at 33 through 1-21).

22  The records demonstrate that Ms. Edgar was appointed to represent Plaintiff's

23  minor daughter, K.L.  (Dkt. 1-19 at 34.)  Per March 2018 OCSC minutes, the court

24  awarded sole legal and physical custody of K.L. to her mother.  (Dkt. 1-20 at 15.)

25  The court admonished Plaintiff not to post information on-line about the case, not to

26  involve K.L. in family law litigation matters, and not to interfere with K.L.'s therapy.

27  (<u>Id.</u> at 14-16.)  The court also suggested that Plaintiff "look into therapy" for himself.

28  (<u>Id.</u> at 16.)

2

1    Plaintiff includes copies of Ms. Edgar's billing records and complains that she

2    was "padding the bill." (Dkt. 1-19 at 32.) In March 2018, the OCSC found Plaintiff

3    "indigent" and directed Orange County to pay his portion of his daughter's legal fees.

4    (Dkt. 1-19 at 35; Dkt. 1-20 at 4.)

5                                          **III.**

6                              **PLEADING DEFECTS**

7    The Complaint appears to allege a dispute over Defendants' billing practices

8    for which there is no basis to invoke federal jurisdiction. In the Civil Cover Sheet,

9    Plaintiff identified as his "Cause of Action" a federal statute defining the crime of

10   conspiracy to commit mail and wire fraud. (Dkt. 1-22 at 1 (citing 18 U.S.C. § 1349).)

11   Such crimes do not create a private right of action. <u>Ross v. Orange Cty. Bar Ass'n</u>,

12   369 F. App'x 868, 869 (9th Cir. 2010) (holding there is "no separate private right of

13   action for mail fraud under 18 U.S.C. § 1341"); <u>Kraft v. Old Castle Precast, Inc.</u>, No.

14   15-cv-00701-VBF, 2015 U.S. Dist. LEXIS 103440, at *6-10 (C.D. Cal. Aug. 5, 2015)

15   (collecting cases discussing multiple federal criminal statutes). Plaintiff's Civil

16   Cover Sheet also indicates that his suit involves the "False Claims Act," 31 U.S.C.

17   §§ 3721-3733, but his claims apparently relate only to funds paid by Orange County,

18   not by the federal government, such that federal jurisdiction is absent. <u>See</u> 31 U.S.C.

19   § 3730(b)(1) ("A person may bring a civil action for a [false claim violation] for the

20   person and for the United States Government."); <u>id.</u> § 3732(b) ("The district courts

21   shall have jurisdiction over any action brought under the laws of any State for the

22   recovery of funds paid by a State or local government if the action arises from the

23   same transaction or occurrence as an action brought under [31 U.S.C. § 3730].").

24   Plaintiff's cover letter does list some federal statutes that create civil liability,

25   such as 18 U.S.C. § 1961 (RICO) and 42 U.S.C. § 1983 (violation of civil rights).

26   The Complaint, however, is devoid of facts supporting these theories. Regarding 42

27   U.S.C. § 1983, Plaintiff alleges "[d]enial to meaningful access to Court." (Dkt. 1 at

28   3.) Plaintiff has not explained how Defendants denied him meaningful access to the

                                          3

1  courts.  Plaintiff might be attempting to assert a claim on behalf of K.L.  (Dkt. 1-19

2  at 32 [alleging Defendants "neglected my daughter's best interests and her requests

3  to speak to the Judge for several months (denying her meaningful access to the court)

4  …"].)  Plaintiff may not assert his daughter's claims pro se.  Local Rule 83-2.2.1.

5       Plaintiff also alleges "Fourth Amendment - Illegal Seizure of a Child, Denial

6  of Equal Protection and of Due Process; Denial of Family Rights and of Bodily and

7  Emotional Integrity."  (Dkt. 1 at 4.)  To the extent Plaintiff is challenging the order

8  of the OCSC awarding custody of K.L. to her mother, this Court lacks jurisdiction to

9  hear such a challenge under the Rooker-Feldman doctrine.[1]

10      In the Civil Cover Sheet, Plaintiff alleges that the case is a class action.  (Dkt.

11  1-22 at 1.)  On the Complaint's caption, he identifies the plaintiffs as himself "and

12  Group."  (Dkt. 1 at 1.)  Pro se litigants cannot be class representatives.  White v.

13  Geren, 310 F. App'x 159, 160 (9th Cir. 2009) ("The district court properly dismissed

14  [plaintiff's] class action because [plaintiff], proceeding pro se, was not an adequate

15  class representative.  See Fed. R. Civ. P. 23(a)(4) …. [A] lay person lacks authority

16  / / /

17  _____

18  [1] The Rooker-Feldman doctrine, derived from two United States Supreme
   Court opinions, provides that federal district courts may exercise only original
19  jurisdiction; they may not exercise appellate jurisdiction over state court decisions.
   See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983);
20  Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The Rooker-Feldman
   doctrine applies to "cases brought by state-court losers complaining of injuries
21  caused by state-court judgments rendered before the district court proceedings
   commenced and inviting district court review and rejection of those judgments."
22  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "Rooker-
23  Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment,
   regardless of whether the state-court proceeding afforded the federal-court plaintiff a
24  full and fair opportunity to litigate her claims."  Bianchi v. Rylaarsdam, 334 F.3d
25  895, 901 (9th Cir. 2003) (internal quotation marks omitted)), cert. denied, 540 U.S.
   1213 (2004).  The Rooker-Feldman doctrine would prevent this Court from hearing
26  any claim that is a de facto appeal of the OCSC's orders appointing Ms. Edgar or
27  granting custody to K.L.'s mother.

28

4

1  to appear as an attorney for others.") (citing <u>McShane v. U.S.</u>, 366 F.2d 286, 288 (9th

2  Cir. 1966)).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28